UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8322 PA (CWx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | Donte House v. City of Long Beach, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant City of Long Beach ("Defendant") on November 8, 2013. Plaintiff Donte House ("Plaintiff") filed a Complaint and First Amended Complaint in Los Angeles Superior Court. The First Amended Complaint alleges claims for: (1) negligence in hiring; (2) negligence in training; (3) negligent supervision and retention; (4) wrongful death (premises liability); (5) wrongful death; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; and (8) abuse of process. Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8322 PA (CWx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | Donte House v. City of Long Beach, et al. | | |

Here, the underlying First Amended Complaint contains seven state law causes of action. As Defendant notes in its Notice of Removal, the fourth cause of action for "wrongful death (premises liability)" alleges that defendants "willfully and intentionally neglected the 5th and 14th Amendments of the U.S. Constitution by denying Due Process to Decedent." Contrary to the allegations in the Notice of Removal, however, that reference to the United States Constitution does not appear to attempt to allege a claim under 42 U.S.C. § 1983. Nor is it "clear" that Plaintiff is attempting to assert a federal claim. See Duncan, 76 F.3d at 1485. Instead, Plaintiff appears to be attempting to allege a state law cause of action for wrongful death. See Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987) ("The children were not directly subjected to the excessive use of state force and therefore cannot maintain personal [wrongful death] causes of action under section 1983 in reliance on this Fourth Amendment theory."); see also McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987) ("The civil rights statutes are not intended to federalize state tort law."). Accordingly, Defendant has failed to meet its burden to establish that this action "arises under" any federal law.

For the foregoing reasons, Defendant has failed to meet the burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to Los Angeles Superior Court, Case No. BC518344. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.